# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOWING SUITE, INC.,<br><br>  vs.<br><br>REDFIN, INC.,<br><br>           Defendant.<br>                                     Plaintiff, | CASE NO. 15cv2101-LAB (BLM)<br><br>**ORDER GRANTING MOTIONS TO FILE UNDER SEAL** |

Showing Suite contends that, after it disclosed confidential business information to Redfin pursuant to a mutual nondisclosure agreement, Redfin misappropriated its confidential information. (Docket no. 1 at ¶¶ 3–10.) Showing Suite sued Redfin for breach of the nondisclosure agreement, trade secret misappropriation, intentional interference with prospective economic advantage, and unfair competition. (*Id.* at ¶¶ 11–41.) It also filed a motion for preliminary injunction. (Docket no. 5.) In support of its motion, Showing Suite seeks to file documents related to its business under seal. (Docket no. 6.) Redfin seeks to file similar documents under seal to support its opposition to the preliminary injunction motion. (Docket no. 10.)

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A party must show "compelling reasons" to seal documents that are part of a dispositive motion. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). The policy of public access "do[es] not apply with

1  equal force to non-dispositive materials." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d
2  1172, 1179 (9th Cir. 2006).  Thus, a party seeking to file a motion to seal in connection with
3  a nondispositive motion must show only "good cause" under Federal Rule of Civil Procedure
4  26(c).  *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119
5  (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of
6  the weaker public interest in nondispositive materials, we apply the good cause standard
7  when parties wish to keep them under seal.").

8  The parties have sufficiently alleged that the documents they seek to file under seal
9  contain confidential business information.  Thus, the motions to file under seal (Docket nos.
10 6 and 10) are **GRANTED**.  *See Sun Microsystems Inc. v. Network Appliance*, 2009 WL
11 5125817, at *9 (N.D. Cal. Dec. 21, 2009).

12 **IT IS SO ORDERED**.

13 DATED:  November 9, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge